## JOHN PALMORE v. STATE.

No. A-6613. Opinion Filed July 27, 1929.
(279 Pac. 694.)

Clayton Carder, for plaintiff in error.

C. G. Bass, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of

Kiowa county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $150 and to be imprisoned in the county jail for a period of 60 days.

The defendant complains that the jury believed the evidence of the complaining witness rather than the defendant. The complaining witness testified positively that he purchased liquor from the defendant. The defendant positively denied that he sold the complaining witness any liquor. Where the evidence is conflicting, this court will not weigh it to determine the weight and credibility to be given to it. The jury saw the witnesses, heard them testify, observed their demeanor while on the witness stand, and were in a better position than this court to determine the credibility of the witnesses and the weight to be given their testimony. This court never reverses a case where the evidence is conflicting and where there is competent evidence supporting the verdict of the jury.

The defendant next complains that the county attorney asked improper questions in the cross-examination of the defendant. In his direct testimony the defendant said, in answer to a question from his counsel:

"Q. Have you ever sold any whisky to anybody down there? A. No, sir. It has been talked; Jack Ball and Sam Standerfer always says hello what you doing; peddling little whisky and shooting craps; some people take it to heart, thought I was a notorious bootlegger."

On cross-examination, the county attorney had a right to particularly inquire what the defendant meant by that answer and as to whether he really was a bootlegger. When a defendant takes the witness stand, he then stands upon the same footing as any other witness, and he cannot be heard to complain of the cross-examin-

ation by the state, where the state stays inside of the record and conducts the cross-examination according to the rules of evidence.

The errors complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.